**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| CAROL BARBOUR,<br>Plaintiff, | * * * * | |
| v. | * * * | Civil Action No. 13-cv-01290-AW |
| PETER GORMAN, et al.,<br>Defendants. | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is Defendant Peter Gorman's Motion to Dismiss for lack of personal jurisdiction, Plaintiff Carol Barbour's Motion to Transfer Venue, and Gorman's Motion for Leave to File a Surreply in Response to Plaintiff's Motion. Doc. Nos. 6, 9, 13. The Court has reviewed the motion papers and concludes that no hearing is necessary. Loc. R. 105.6 (D. Md. 2011). For the reasons that follow, the Court will GRANT-IN-PART and DENY-IN-PART Defendant's Motion to Dismiss, DENY Plaintiff's Motion to Transfer, and DENY as moot Defendant's Motion for Leave to File a Surreply.

**I.     BACKGROUND**

Plaintiff brings this action in diversity seeking to recover damages for defamation, false light invasion of privacy, tortious interference with prospective advantage, and conspiracy. Doc. No. 1. Plaintiff's action stems from a related case in the District of Maryland where she alleged that the Prince George's County Public Schools (PGCPS) participated in race and age discrimination and retaliation when they refused to hire her as a principal in 2009. *See Barbour v. Bd. of Educ. of Prince George's Cnty.*, No. 8:12-cv-00937-JFM. In that case, PGCPS's former

superintendent and co-defendant in the present case, William R. Hite, filed an affidavit

supporting PGCPS's motion for summary judgment[1] in which he stated that in or about May

2010, he contacted his "good friend" Gorman, then the superintendent of the Charlotte-

Mecklenburg Schools (CMS) in North Carolina, about Plaintiff. Statements made during their

phone call, where Gorman advised against hiring Plaintiff and allegedly described her as

"terrible" and "one of the worst principals he had ever been associated with," are the subject of

the present action, which was filed on April 30, 2013.

On June 18, 2013, Gorman filed a motion to dismiss for lack of personal jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(2). Doc. No. 6. In briefs filed on July 5, 2013,

Plaintiff concedes that the Court does not have personal jurisdiction over Gorman and requests

that the Court transfer the claims against him to the Western District of North Carolina, Charlotte

Division. Doc. Nos. 9, 10.  The motions are fully briefed and ripe for the Court's consideration.

## II.     ANALYSIS

Plaintiff now concedes that the Court lacks personal jurisdiction over Gorman.  *See* Doc.

Nos. 9, 10.  The remaining issue is whether the Court should dismiss the claims against Gorman,

as urged by Defendant, or transfer the case against Gorman to the Western District of North

Carolina, as argued by Plaintiff.  Plaintiff requests a transfer pursuant to: (1) 28 U.S.C. §

1404(a), which allows a district court to transfer any civil action to any other district or division

where it might have been brought, for the convenience of the parties and witnesses and in the

interest of justice, and/or (2) 28 U.S.C. § 1406(a), which provides: "The district court of a district

in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in

the interest of justice, transfer such case to any district or division in which it could have been

---

[1] Judge Motz granted PGCPS's motion for summary judgment on July 12, 2013.  *See* Case No. 12-cv-937-JFM, Doc. No. 59.

brought." "[T]he analysis of whether a transfer is 'in the interest of justice' is the same under section 1404(a) as it is under section 1406(a)." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 n.5 (4th Cir. 1993). The moving party must establish by a preponderance of the evidence that the transfer promotes the interest of justice. *Helsel v. Tishman Realty & Constr. Co.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002).

The Court finds that Plaintiff has not satisfied her burden to prove a transfer is in the interest of justice. First, Plaintiff filed her Motion to Transfer upon the conclusory assertion that transferring is in the interest of justice, while simultaneously conceding that this Court does not have jurisdiction over Defendant. Doc. Nos. 9, 10. Section 1406(a) was enacted to avoid injustice when a transfer movant made "an erroneous guess with regard to the existence of some *elusive* fact," and filed the claim in a district court that lacked jurisdiction. *Nichols*, 991 F.2d at 1201 (emphasis in original) (citing *Goldlawr, Inc. v. Heinman*, 369 U.S. 463, 466 (1962)). Absent such error, the district court may deny a transfer motion when "the plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper." *Nichols*, 991 F.2d at 1202. Plaintiff has not cited an erroneous guess or elusive fact that caused her to bring this action against Gorman in the District of Maryland, despite knowledge that the statements in question were given via telephone from North Carolina, where Gorman resides and works.

Plaintiff claims that transfer is in the interest of justice given that she "has already expended time and costs in prosecuting this case." Doc. No. 12 at 4. However, by filing in the incorrect forum, Plaintiff has also spent the Court's resources and required Defendant to incur costs. A district court may dismiss instead of transfer a case where, without dismissal, a plaintiff would be allowed to "impose[] substantial unnecessary costs on both the defendant and the

judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney." *Nichols*, 991 F.2d at 1201.

Even if Plaintiff is barred by the statute of limitations from refiling her claim against Defendant elsewhere, this Court's decision is not affected. Dismissal of the case is permissible because the "proper penalty for obvious mistakes that impose costs on opposing parties and on our judicial system is a heavy one." *Id.* (quoting *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (affirming order of dismissal and denial of transfer where it resulted in plaintiff's claims being barred by the statute of limitations)). Accordingly, if Plaintiff wants to pursue her claims against Defendant in the Western District of North Carolina, she will have to refile.

In closing, the Court holds that Plaintiff has failed to carry her burden to prove that transferring this case is in the interest of justice. Accordingly, the Court finds that a venue transfer is not appropriate and dismissal of the case is warranted.[2]

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Jurisdiction will be GRANTED-IN-PART and DENIED-IN-PART, Plaintiff's Motion to Transfer will be DENIED, and Defendant's Motion for Leave to File a Surreply will be DENIED as moot. A separate Order will follow.

  August 9, 2013                                                      /s/
      Date                                            Alexander Williams, Jr.
                                                      United States District Judge

---

[2] Although the Court will dismiss the claims against Gorman, that dismissal will be without prejudice to refiling in the proper forum. *See, e.g.*, *Russell v. Med. Bus. Bureau, LLC*, RDB-12-2983, 2013 WL 3805118, at *4 (D. Md. July 19, 2013) (dismissing claims without prejudice where personal jurisdiction was lacking); *The Cleaning Auth., Inc. v. Neubert*, 739 F. Supp. 2d. 807, 817 (D. Md. 2010) (same). Therefore, to the extent Gorman seeks dismissal with prejudice, that request will be DENIED.